**FRESHFIELDS**

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Silicon Valley**
855 Main Street
Redwood City, CA 94063

**Justina Sessions**
T +1 650 618 9250
   +1 650 461 8276 (Direct)
F +1 202 507 5945
E justina.sessions@freshfields.com

November 9, 2025

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
      *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194 (PKC);
      *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409 (PKC);
      *The Slate Group LLC v. Google LLC*, No. 1:25-cv-07697 (PKC)

Dear Judge Castel:

Pursuant to Your Honor's orders of September 12 and 29, 2025, ECF Nos. 1162, 1194, Defendants Google LLC and Alphabet Inc. (together, "Google") respectfully request permission to file a single motion to dismiss claims asserted by People, Business Insider, and Slate (together, "Plaintiffs"). Plaintiffs' complaints closely track one another and suffer from the same infirmities. Plaintiffs' state-law claims falter for the numerous reasons discussed below, including because they fail to allege all of the elements required under New York law, and some are also untimely. In addition, their federal antitrust claim based on Exchange Bidding should be dismissed for the same reasons the Court previously dismissed similar claims from the State Plaintiffs' case. There is a Case Management Conference for these cases scheduled for February 18, 2026. *See* ECF 1209 ¶ 12.

## I. Plaintiffs' State Law Claims Fail on Multiple Grounds.

### A. Plaintiffs Fail to Allege Fraud

Plaintiffs' fraud claims (Counts VI in their complaints) fail for at least two reasons.

*First*, Plaintiffs have failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiffs' burden under Rule 9(b) is to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016). The only specific misrepresentation Plaintiffs challenge is an alleged misrepresentation by Google that Unified Pricing Rules ("UPRs") "helped publishers simplify their decision making, receive better matches, and increase revenue." People Compl. ¶ 275; Insider Compl. ¶ 274; Slate Compl. ¶ 272. For its part, Slate—and only Slate—

alleges a misrepresentation about Optimized Competition: namely, that someone at Google allegedly said that it would "bring incremental revenue," "drive more revenue" to Slate, and have only "very minimal impact" on direct deals. Slate Compl. ¶ 274. None of these allegations—which fail to identify the speaker or when the statements were made—suffice to plead fraud under Rule 9(b).

**Second**, Plaintiffs have failed to plead the requisite elements of a fraud claim. "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin Guar. Ins. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015). Plaintiffs' fraud claims fail because, among other things, Plaintiffs have not alleged that they "reasonably relied" upon any purported misrepresentations. According to their own allegations, Plaintiffs are highly sophisticated parties. *See, e.g.*, People Compl. ¶ 4 (alleging People "is the largest publisher in the nation"); Insider Compl. ¶ 4 (alleging Business Insider "is a global news brand renowned for its coverage of business, technology, and innovation"); Slate Compl. ¶ 4 (alleging Slate "has established itself as a prominent digital publication . . . [which] has received significant recognition"); *see also* People Compl. ¶ 6 (alleging People uses "sophisticated technology across its properties to auction off ad space"); Insider Compl. ¶ 6 (same); Slate Compl. ¶ 5 (same).

Given their sophistication, to plead reliance, Plaintiffs must allege that they "use[d] the means available to [them] to verify the truth of the information upon which" they purportedly relied. *McGuire Children, LLC v. Huntress*, 2009 WL 1693725 at *12 (N.Y. Sup. Ct. June 17, 2009) ("[S]ophisticated [parties] must . . . discharge[ ] their own affirmative duty to exercise ordinary intelligence and conduct an independent appraisal of the risks they are assuming" (internal citation omitted)). As noted earlier, the only alleged misrepresentations are statements by someone at Google (Plaintiffs do not say who) to some people within Plaintiffs' businesses (Plaintiffs do not say who) at some point in time (Plaintiffs do not say when) that two specific Google optimizations (UPRs as to all Plaintiffs and Optimized Competition as to Slate) would increase revenue. *See* People Compl. ¶ 275; Insider Compl. ¶ 274; Slate Compl. ¶¶ 272, 274. But Plaintiffs have not alleged they did anything to test these purported misrepresentations. That alone is fatal to their claims. Beyond that, the information Plaintiffs needed to verify whether their own advertising revenue was increasing—as well as whether deals negotiated directly with advertisers were being fulfilled—was within Plaintiffs' control, so there is no basis for Plaintiffs' allegations that they reasonably relied on any representations by Google. *See ISS Action, Inc. v. Tutor Perini Corp.*, 170 A.D. 3d 686, 688 (N.Y. App. Div. 2019) (no claim for fraudulent misrepresentation when "the facts represented are not matters peculiarly within the [defendant's] knowledge").

### B. Plaintiffs' Deceptive Acts or Practices Claims Should Be Dismissed

Plaintiffs' claims under New York General Business Law on Unlawful Deceptive Acts or Practices Sections 349 and 350 ("NY UDAP") (Counts V) should be dismissed as well for at least two reasons.

*First*, Plaintiffs fail to allege the consumer-oriented conduct required for an NY UDAP claim. To state a claim, Plaintiffs must allege that Google "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [Plaintiffs] suffered injury as a result of the allegedly deceptive act or practice." *Morales v. Apple, Inc.*, 2023 WL 5579929, at *2 (S.D.N.Y. Aug. 29, 2023); *see also, e.g.*, *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443 (S.D.N.Y. 2004). "[T]he gravamen of [their] complaint[s] is not consumer injury or harm to the public interest," *Emergency Enclosures, Inc. v. Nat'l Fire Adjustment Co.*, 68 A.D.3d 1658, 1661 (N.Y. App. Div. 2009), but rather, alleged harm to Plaintiffs' businesses arising out their alleged contractual relationships with Google. *See, e.g.*, People Compl. ¶¶ 126, 264 (alleging that "People, Inc.'s entire publication portfolio has been injured as a result of billions of deceptive transactions"); Insider Compl. ¶¶ 125, 263 (similar); Slate Compl. ¶¶ 125, 261 (similar); People Compl. ¶ 67 ("Google traded on inside information and bought People Inc.'s inventory on the cheap."); Insider Compl. ¶ 66 (same); Slate Compl. ¶ 66 (same). Allegations concerning private disputes and interactions among businesses do not amount to consumer-oriented conduct, *Exxonmobil*, 328 F. Supp. 2d at 449, and the only harm Plaintiffs allege to consumers is that Google's conduct harmed readers in New York. People Compl. ¶ 264; Insider Compl. ¶ 263; Slate Compl. ¶ 261. That conclusory assertion of indirect harm does not qualify as "consumer-oriented conduct" for which Plaintiffs could bring a NY UDAP claim because Plaintiffs lack standing to bring a NY UDAP claim on behalf of those purported readers. *See City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 624 (N.Y. 2009) (explaining that standing for a NY UDAP claim does not extend to "persons who . . . can link a derivative injury to some public harm").

*Second*, Plaintiffs' NY UDAP claims based on Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Dynamic Revenue Share, Project Poirot, Exchange Bidding, Minimum Bid to Win, redaction of data sets, and UPR are time barred by the applicable three-year statute of limitations.[1] N.Y. C.P.L.R. 214(2); *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1184 (N.Y. 2012); People Compl. ¶¶ 59 (alleging Dynamic Allocation was introduced in 2008), 152 (alleging Enhanced Dynamic Allocation began in 2014), 171 (alleging iterations of Project Bernanke from 2013 to 2019), 179 (alleging Dynamic Revenue Share began in 2014), 190 (alleging launch of Exchange Bidding in 2018), 193 (alleging launch of Minimum Bid to Win in 2019), 199 (alleging Poirot began in 2018), 205 (alleging redaction of data sets in 2017), 215 (alleging Unified Pricing Rules began in 2019); Insider Compl. ¶¶ 58, 151, 170, 178, 189, 192, 198, 206, 214 (same); Slate Compl. ¶¶ 58, 150, 169, 177, 188, 191, 197, 205, 213 (same). Plaintiffs also have not met their burden to justify tolling due to fraudulent concealment.

---

[1] Google reserves the right to assert statute-of-limitations defenses to the federal antitrust claims at a later stage of this litigation, if necessary, as it intends to do in other MDL cases.

### C. Plaintiffs' Unjust Enrichment Claims Should Be Dismissed

Plaintiffs' unjust enrichment claims (Counts VII) fail for at least three reasons.

*First*, as a matter of law, Plaintiffs cannot state claims for unjust enrichment because they admit that their relationships with Google were governed by contracts. *See, e.g.*, People Compl. ¶ 126 (alleging contractual relationship between Google and People relating to DFP and AdX); Insider Compl. ¶ 125 (same); Slate Compl. ¶ 125 (same). Plaintiffs have therefore pleaded themselves out of any unjust enrichment claims. *See Cornhusker Farms, Inc. v. Hunts Point Co-op. Market, Inc.*, 2 A.D.3d 201, 206 (N.Y. Sup. Ct. 2003) ("[T]he existence of a valid and enforceable written contract precludes recovery on a theory of unjust enrichment."); *see also Clark-Fitzpatrick, Inc. v. Long Island R. R.*, 516 N.E.2d 190, 193 (N.Y. 1987) (rejecting quasi-contract unjust enrichment theory because "it is undisputed that the relationship between the parties was defined by a written contract").[2]

*Second*, Plaintiffs have failed to plead the elements of an unjust enrichment claim. To do so, Plaintiffs must allege facts showing that "(1) [Google] was enriched (2) at [Plaintiffs]'[] expense, and (3) it is against equity and good conscience to permit [Google] to retain what is sought to be recovered." *Reese v. Triborough Bridge & Tunnel Auth.*, 91 F.4th 582, 594 (2d Cir. 2024). In particular, "a nexus is required between a defendant's 'enrichment' and a plaintiff's 'expense' to plead a plausible claim to relief on a theory of unjust enrichment." *Weaver v. Indymac Fed. Bank, FSB*, 2010 WL 7634134 at *7 (S.D.N.Y. June 8, 2010), *report and recommendation adopted sub nom. Weaver v. IndyMac Fed. Bank, FSB*, 2011 WL 4526404 (S.D.N.Y. Sep. 29, 2011), *aff'd*, 488 F. App'x 522 (2d Cir. 2012). Plaintiffs have failed to allege this required nexus. Instead, Plaintiffs contend that, to the extent that any of Google's bidding optimizations led to lower publisher revenues, this amounted to unjust enrichment to Google. But the only specific examples Plaintiffs provide of conduct that allegedly unjustly enriched Google are Projects Bernanke, Alchemist, and Poirot, People Compl. ¶¶ 281-82, Insider Compl. ¶¶ 280-81, Slate Compl. ¶¶ 278-79, which Plaintiffs acknowledge were buy-side optimization that increased Google Ads advertisers' access to inventory. People Compl. ¶¶ 164, 199; Insider Compl. ¶¶ 163, 198; Slate Compl. ¶¶ 162, 197. Plaintiffs have made no attempt to allege how buy-side improvements unjustly enriched Google or how any unjust benefit to Google came at the expense of Plaintiffs in particular. Moreover, Plaintiffs fail to allege how lower publisher revenues could enrich Google, as Google is paid a percentage of these revenues.

---

[2] Plaintiffs allege that the "deceptions" underlying their unjust enrichment claims did not involve representations made in their contracts with Google. People Compl. ¶ 281; Insider Compl. ¶ 280; Slate Compl. ¶ 278. These conclusory assertions cannot save Plaintiffs' claims. Plaintiffs expressly alleged that their relationships with Google were governed by contracts, and thus the source (or lack thereof) of the alleged representations are irrelevant. *See Hoffmann v. Kashi Sales, L.L.C.*, 646 F. Supp. 3d 550, 564 (S.D.N.Y. 2022) (dismissing unjust enrichment claim based on "misleading representations on the Product's packaging," rather than the contract between the parties, as "the same factual allegation that underlies plaintiff's statutory, contract, and tort law claims."). Moreover, to the extent the alleged deceptions underlying Plaintiffs' unjust enrichment claims concern those underlying their fraud and NY UDAP claims, they are impermissibly duplicative and should be dismissed. *See id.* ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." (internal quotation marks omitted)).

November 9, 2025
Page 5

***Third***, Plaintiffs' claims for damages based on Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Project Poirot, and Unified Pricing Rules are time-barred by the three-year statute of limitations applicable to unjust enrichment claims seeking monetary relief. *Ferring B.V. v. Allergan, Inc.*, 932 F. Supp. 2d 493, 513 (S.D.N.Y. 2013); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263 (S.D.N.Y. 2008); People Compl. ¶ 59 (allegation Dynamic Allocation was introduced in 2008), 152 (alleging Enhanced Dynamic Allocation began in 2014), 171 (alleging iterations of Project Bernanke from 2013 to 2019), 203 (alleging Project Poirot launched in 2018), 215 (alleging Unified Pricing Rules began in 2019); Insider Compl. ¶¶ 58, 151, 170, 202, 214 (same); Slate Compl. ¶¶ 58, 150, 169, 201, 213 (same). For the same reasons, Plaintiffs' claims for injunctive relief based on Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, and Project Poirot are time-barred by the six-year statute of limitations applicable to unjust enrichment claims seeking equitable relief. As referenced above, fraudulent concealment is not available to toll Plaintiffs' claims as they have failed to sufficiently justify its application.

## II. Plaintiffs' Federal Antitrust Claims Based on Exchange Bidding Should Be Dismissed Based on This Court's Prior Rulings.

This Court has ruled on multiple occasions that Exchange Bidding was not anticompetitive conduct. *See In re Google Digital Advert. Antitrust Litig.*, 627 F. Supp. 3d 346, 394-95 (S.D.N.Y. 2022); *In re Google Digital Advertising Antitrust Litig.*, 721 F. Supp. 3d 230, 264-65, 268-69 (S.D.N.Y. 2024). Plaintiffs reprise that failed theory again, alleging that Google launched Exchange Bidding to "protect[] its AdX exchange from competition." People Compl. ¶ 192; Business Insider Compl. ¶ 191; Slate Compl. ¶ 190. But again Plaintiffs' allegations are deficient in critical respects. Plaintiffs have not alleged that Google actually forced publishers or exchanges to adopt Exchange Bidding. Nor have they pled any other facts showing that Google's launch of Exchange Bidding reduced usage of header bidding or otherwise harmed competition. Plaintiffs' federal antitrust claims concerning Exchange Bidding should thus be rejected for failure to plausibly allege coercion and harm to competition, just as this Court has done twice previously with similar claims.

\*   \*   \*

For all of these reasons, Google respectfully requests permission to file a single motion to dismiss the claims discussed above from the People, Business Insider, and Slate complaints. If the Court grants this request, Google proposes that, in recognition of the upcoming holiday season, its motion be due on November 24, 2025, Plaintiffs' single opposition be due on December 12, 2025 (18 days later), and Google's reply be due on December 19, 2025 (7 days later).

Sincerely,

*/s/ Justina Sessions*
Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063

November 9, 2025  
Page 6

        Telephone: (650) 618-9250  
        Email: justina.sessions@freshfields.com

        Eric Mahr  
        700 13th Street, NW  
        10th Floor  
        Washington, DC 20005  
        Telephone: (202) 777-4545  
        Email: eric.mahr@freshfields.com

        Craig M. Reiser  
        AXINN, VELTROP & HARKRIDER LLP  
        630 Fifth Avenue, 33rd Floor  
        New York, New York 10111  
        Telephone: (212) 728-2218  
        Email: creiser@axinn.com

        *Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)